## CIRCUIT COURT OF PRINCE GEORGE COUNTY

Susan B. Wagner,
Co-Executor, etc., et al.

v.

Susan B. Wagner,
as Beneficiary, etc., et al.

August 2, 2006

Case No. CH05-162

BY JUDGE W. ALLAN SHARRETT

This matter comes before the Court on the Motion to Quash filed by the Plaintiffs, seeking to quash two subpoenas duces tecum filed by certain of the Defendants, and served upon C. Douglas Schepker and Alex Uminski. At the *ore tenus* hearing on April 24, 2006, the Court ruled that the appraisals prepared by Schepker and Uminski were not prepared in anticipation of litigation and, thus, were the proper subjects of subpoenas duces tecum. The issue before the Court at the present, therefore, is whether or not the scope of the subpoenas, as written, is overbroad.

### I. *Issue*

The Defendants have requested discovery of the following:

1. All documents relating to your "MAI" designation.
2. All documents relating to your "SRA" designation.
3. All documents relating to or reflecting your experience in appraising property in Prince George County, Virginia, similar in use to the property known as Beaver Castle which is the subject matter of this suit.

4. All appraisals you have conducted since 1995 of properties in Prince George County, Virginia, similar in use to the Beaver Castle property which is the subject matter of this suit.

5. All documents relating to your appraisal of the property known as Beaver Castle which is the subject matter of this suit.

6. All documents you sent to, received from, or which relate to any conversations you had with Alex Uminski, Susan B. Wagner, David L. Parker, Anita G. Vaughn, Mary Ann B. Carter, Barbara Jean B. Patton, or anyone else concerning the property known as Beaver Castle which is the subject matter of this suit.

The issue at bar is whether the documents and tangible things requested are discoverable, even though Uminski and Schepker are not experts retained in anticipation of litigation, and, if so, the extent of permitted discovery.

## II. *Rule*

Rule 4:1(b)(1) of the Rules of The Supreme Court of Virginia states:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

## III. *Analysis*

The Court has limited its focus to "what, if any, documents possessed by Uminski and Schepker cannot be discovered due to privilege." Plaintiffs contend that, not only would the production of some of these documents be burdensome, but also that some of the documents requested are protected by attorney-client privilege.

Plaintiffs assert that the production of documents relating to numbers 1 through 4 of the subpoena duces tecum would prove to be unduly burdensome. Rule 4:1(b)(1) states that the court may limit discovery methods if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation.

1. "All documents relating to your 'MAI' designation."

This request is too broad and too burdensome, considering the objective of the request. The documentation requested in numbers 3 and 4 of the subpoenas duces tecum would provide a very clear indication of Schepker's qualifications to appraise such properties. Therefore, this request would not only prove burdensome, but would also be unreasonably duplicative. The items required to be produced shall be limited to a photocopy of Schepker's MAI certificate and an official document showing his certification to be current and in good standing.

2. "All documents relating to your 'SRA' designation."

See comments above, with the same finding.

3. "All documents relating to or reflecting your experience in appraising property in Prince George County, Virginia, similar in use to the property known as Beaver Castle which is the subject matter of this suit." and

4. "All appraisals you have conducted since 1995 of properties in Prince George County, Virginia, similar in use to the Beaver Castle property which is the subject matter of this suit."

The above requests will be addressed together. If Uminski and Schepker were to produce all of the appraisals prepared by them of properties in Prince George County similar in use to Beaver Castle, they will also satisfy the Defendants' objective in number 3. The Defendants stated in their memorandum concerning the scope of the subpoenas duces tecum that their objective is to determine the "appraisers' experience, expertise, and credibility." Certainly that is something that can be determined from the appraisals themselves.

The Plaintiffs contend that production of this documentation would prove to be unduly burdensome, because the firm of Michael Miller & Associates would have to sift through approximately sixty appraisals of property in Prince George County. However, the appraisal provided by Uminski and Schepker stated that homes listed for sales comparison were all located in Charles City County, Virginia, because no Prince George homes that were comparable to Beaver Castle had been sold recently. The closing dates for the Charles City homes were December 2004 and April 2005. It seems safe to assume that, if a comparable home in Prince George County had been sold during or after December 2004, that home would have been listed as a comparison, as opposed to one of the Charles City homes.

There are likely very few homes in Prince George County which are comparable to Beaver Castle, and Michael Miller & Associates has probably not appraised all of those homes. Thus, the burden on them does not appear to be undue.

Additionally, the Plaintiffs contend that this request could be satisfied through production of a reasonable number of signed appraisal letters confirming the completion date of the appraisals and documenting the location of the appraised property. This would likely prove true if the Defendants were simply interested in whether or not Uminski and Schepker have *ever* appraised *a* comparable property in Prince George County. However, in order for the Defendants to make a determination of the appraisers' experience, expertise, and credibility, it is most likely necessary for the Defendants to see *all* of the appraisals of comparable properties.

However, the two above requests are so similar in nature that they should be considered duplicative. Therefore, number 3 shall be merged into number 4, and the materials requested in number 4 shall be provided as requested.

5. "All documents relating to your appraisal of the property known as Beaver Castle which is the subject matter of this suit."

The Plaintiffs made no objections to this request in their memorandum in opposition to scope of subpoenas duces tecum, except that the documents should be protected under Rule 4:1(b)(4) of the Rules of The Supreme Court of Virginia. Since the Court has already ruled that Uminski and Schepker were not retained in anticipation of litigation, this request is valid. It should not be unduly burdensome for Uminski and Schepker to produce all of the documents in their possession relating to the appraisal of Beaver Castle. Ideally, all of these documents would be in the same file. Also, these documents would not be duplicative in nature to any other documents requested. Therefore, under Rule 4:1(b)(1), these documents are discoverable.

6. "All documents you sent to, received from, or which relate to any conversations you had with Alex Uminski, Susan B. Wagner, David L. Parker, Anita G. Vaughn, Mary Ann M. Carter, Barbara Jean B. Patton, or anyone else concerning the property known as Beaver Castle which is the subject matter of this suit."

The Plaintiffs assert that this request would "necessarily require production of documents protected by the attorney-client privilege." The Court disagrees. When Ms. Vaughn qualified as executor of the estate and trustee of the trust, she assumed a fiduciary responsibility with regard to all of the beneficiaries, and, as counsel to both the estate and the trust, if she has an attorney-client relationship with any of the beneficiaries, she has a relationship with all of them. Her role as attorney obligates her to offer legal advice to the estate and the trust, as she is "purely counsel to the estate and counsel to the trust. . . ." (Transcript, 4/24/06, at 27). For the Court to shield some correspondence between Ms. Vaughn and an appraiser from discovery by other beneficiaries is to afford some beneficiaries different access to the estate's legal counsel. This is, in the Court's view, an incongruous result, which places some beneficiaries in a different status than others, and which distorts the fiduciary duty the executor and trustee owes to all beneficiaries.

Accordingly, the discovery requested in number 6 shall be permitted to the extent it is relevant and germane to the issues in this cause. The request will, however, be narrowed in scope to those individuals specifically stated and shall not include "anyone else."

## IV. *Conclusion*

The scope of the subpoenas duces tecum are narrowed as stated above.

1. Should be limited to a photocopy of the MAI certificate and any official documentation showing current certification.

2. Same as number 1.

3. Merged with 4.

4. Discoverable as written.

5. Discoverable as written.

6. Class of people limited to Uminski, Schepker, Vaughn, Wagner, Parker, Carter, Patton, and others involved in the litigation, provided the statements relate to the issues in this litigation.